IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JERRY Z. FORBIS, | |
| Plaintiff, | **8:25CV684** |
| vs. | |
| COUNTY OF THAYER, DAVID LEE, Sheriff; and KAY (LAST NAME UNKNOWN), Jail Director; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the Court on Plaintiff Jerry Z. Forbis' ("Plaintiff") Complaint, Filing No. 1, filed on December 1, 2025. Also before the Court are Plaintiff's motion for appointment of counsel, Filing No. 4, and a letter the Court construes as a motion requesting the status of this case, Filing No. 8. Upon consideration, Plaintiff's motion for status is granted and this Memorandum and Order serves to advise Plaintiff of the case's status. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A and will also address his motion for appointment of counsel.

## I.  SUMMARY OF COMPLAINT

Plaintiff is a convicted and sentenced state prisoner currently confined in the Omaha Correctional Center. Plaintiff sues Thayer County, Thayer County Sheriff David Lee ("Sheriff Lee"), and Thayer County Jail Director Kay (last name unknown) ("Kay") in their individual capacities pursuant to 42 U.S.C. § 1983 for alleged injuries he suffered while confined in the Thayer County Jail.

On or about January 1, 2025, Plaintiff tripped over unsecured television cables and wires in his cell and tore his right bicep muscle. Filing No. 1 at 4–5, 17. Plaintiff submitted a request form for a doctor due to "[h]aving blood in [his] stool and pain in [his] right arm." *Id*. at 17. Plaintiff saw Dr. Hubl[1] on January 10, 2025, and he recommended a colonoscopy for the anal bleeding and medication for Plaintiff's arm pain. *Id*. Plaintiff did not report his fall to Dr. Hubl, but "[l]ater that night [he] remembered [he] tripped and fell in [his] cell a couple weeks before [and] that's about when the arm pain started." *Id*.; *see also Id*. at 13. On February 2, 2025, Plaintiff requested a doctor appointment because the medication for his arm was ineffective. Plaintiff also spoke to Sheriff Lee on February 4, 2025, and, after Plaintiff showed his arm, Sheriff Lee said, "Call your lawyer." *Id*. at 17.

Plaintiff saw Dr. Taylor[2] on February 10, 2025, about his arm and anal bleeding. Dr. Taylor took an x-ray of Plaintiff's arm, which showed a "[n]ormal right humerus," *Id*. at 15, gave Plaintiff a cortisone injection in his arm, and put his arm in a sling. Dr. Taylor also suggested an MRI saying, "[T]hat's the only way to see what's wrong." *Id*. at 17–18. Specifically, in his notes from Plaintiff's visit, Dr. Taylor recommended, "[i]f x-ray is negative, proceed with MRI and/or physical therapy" and "[c]onsider orthopedic surgery if MRI indicates rotator cuff issue." *Id*. at 16. Dr. Taylor's notes do not indicate Plaintiff reported his fall to Dr. Taylor as the doctor specifically noted Plaintiff's "pain is not associated with any trauma." *Id*. at 14. Dr. Taylor also recommended a colonoscopy to address Plaintiff's anal bleeding.

---

[1] Plaintiff refers to this individual as "Dr. Hubble," but the medical records Plaintiff attached to his Complaint show that the doctor's name is "Hubl." *Compare* Filing No. 1 at 17, *with Id*. at 13.

[2] Plaintiff refers to the doctor as "Dr. Tayla," but his medical records show that the doctor's name is "Taylor." *Compare* Filing No. 1 at 17, *with Id*. at 14.

Plaintiff informed jail staff, including Sheriff Lee and Kay, about the doctors' recommendations for the MRI and the colonoscopy on February 11, 2025, and submitted multiple request forms between February 19, 2025, and March 26, 2025, regarding his anal bleeding and arm pain and requesting the MRI and colonoscopy.  *Id*. at 5, 18. Plaintiff's wife argued with Sheriff Lee about Plaintiff's medical issues, and Sheriff Lee said "his taxes pay for the doctors."  *Id*. at 18.  After Plaintiff's wife stated their insurance would pay for the colonoscopy, Sheriff Lee agreed to have Plaintiff's colonoscopy done. *Id*. at 18–19.  Plaintiff had a colonoscopy on April 17, 2025.  However, Plaintiff's requests regarding the MRI for his arm pain were ignored.  After Plaintiff's request to submit a request form for his arm was ignored on April 20, 2025, Plaintiff "decided that the Sheriff's Office wasn't going to take responsibility for [his] falling, tripping over the TV cords and cable."  *Id*. at 19.  Sheriff Lee later told Plaintiff on April 25, 2025, that "the state prison has good health care."  *Id*. at 20.  Plaintiff was then sent to state prison on May 7, 2025. *Id*.

Based on these events, Plaintiff alleges claims of neglect, emotional distress, official misconduct, and deliberate indifference in violation of the Eighth Amendment because Defendants failed to follow doctor recommendations and failed to supply adequate medical care.  *Id*. at 3, 12.  Plaintiff seeks $500,000.00 in damages "for doctor recommended MRI for possible surgery, pain and suffering, [and doctor] bills," as well as "exemplary damages" so "that medical needs are not ignored for future inmates and they properly repair facility."  *Id*. at 5.

3

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the

United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

As explained below, Plaintiff's Complaint states a deliberate indifference claim against Sheriff Lee and that claim will be allowed to proceed, but his claims against Kay and Thayer County will be dismissed.

### A.  Deliberate Indifference to Medical Needs

Liberally construed, Plaintiff alleges Sheriff Lee and Kay were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  Based on the allegations of Plaintiff's Complaint and his online inmate records, it appears Plaintiff was a pretrial detainee during the time he was confined in the Thayer County Jail.  *See* Filing No. 1 at 20 (transferred to state prison on May 7, 2025); NDCS Incarceration Records, https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited May 26, 2026) (showing Plaintiff's sentence began May 6, 2025).  A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment's prohibition against cruel and unusual punishment, while a pretrial detainee's challenge to such conditions is analyzed under the due process clause of the Fifth Amendment (with respect to federal actors) or the Fourteenth Amendment (with respect to state actors).  *See Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048 (8th Cir. 1989).  This makes little difference as a practical matter, though, because pretrial detainees are entitled to the same protection as imprisoned convicts.  *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010).

"To establish a constitutional violation, a detainee must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded." *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)); *see also Laganiere v. Cty. of Olmsted*, 772 F.3d 1114, 1116 (8th Cir. 2014) ("The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs."). An objectively serious medical need is one that "has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Laganiere*, 772 F.3d at 1116 (quoting *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 481 (8th Cir. 2008)). "In order to demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746-47 (8th Cir. 2013) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id*. at 747 (internal quotations and citations omitted).

Liberally construing the Complaint, Plaintiff alleges Sheriff Lee and Kay were deliberately indifferent to his medical needs because they ignored the doctors' recommendations for an MRI for his right-arm injury for a period of nearly three months and, essentially, delayed providing the recommended treatment due to the cost and Plaintiff's impending transfer to state prison. "A delay in treating a serious medical need can constitute deliberate indifference." *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir.

6

2019).  When a deliberate-indifference claim is based on such a delay, the court measures "the objective seriousness of the deprivation . . . by reference to the *effect* of delay in treatment.  To establish this effect, the inmate must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119–20 (8th Cir. 2016) (internal quotation marks and citations omitted).  Specifically, the prisoner "must present verifying medical evidence that the prison officials ignored an acute or escalating situation or that [these] delays adversely affected his prognosis." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (internal quotation marks and citations omitted).

Here, taking Plaintiff's factual allegations as true, Plaintiff alleges he suffered a torn right bicep muscle as a result of his fall at the Thayer County Jail, but, based on the medical records provided, the nature of his injury was not determined until after he was transferred from the Thayer County Jail and, it can be reasonably inferred, after he received an MRI.  Plaintiff alleges he experienced pain and suffering while at the Thayer County Jail during the time he was refused an MRI and resorted to self-help measures to alleviate the pain, including putting his arm on the cold concrete floor and cinder brick wall to help with the pain.  Filing No. 1 at 5, 12, 19.  For purposes of initial review, the Court concludes Plaintiff's allegations are sufficient to show that he suffered from an objectively serious medical need as his right-arm injury had been diagnosed as needing further treatment (an MRI) and caused Plaintiff pain.

The Court further finds that Plaintiff has alleged sufficient facts to show that Sheriff Lee's decision to ignore Plaintiff's requests for the doctor-recommended MRI may have amounted to deliberate indifference.  The Eighth Circuit has "recognized that a prison

7

official 'delaying medical treatment for *nonmedical reasons* may amount to deliberate indifference.'" *Dantzler v. Baldwin*, 133 F.4th 833, 847 (8th Cir. 2025) (emphasis in original) (quoting *Cannon v. Dehner*, 112 F.4th 580, 591 (8th Cir. 2024) (internal quotation omitted), and citing *Morris v. Cradduck*, 954 F.3d 1055, 1059 (8th Cir. 2020) ("Delaying access to prescribed medical care for non-medical reasons may constitute deliberate indifference in certain circumstances.")). Here, Sheriff Lee commented to Plaintiff's wife that "his taxes pay for [Plaintiff's] doctors" when he initially resisted allowing Plaintiff to obtain a colonoscopy, Filing No. 1 at 18, and Sheriff Lee told Plaintiff "that the state prison has good health care" after ignoring Plaintiff's requests for an MRI for his arm, Filing No. 1 at 19–20. Sheriff Lee's comments suggest that his decision to ignore Plaintiff's requests for the doctor-recommended MRI were motivated by non-medical reasons—namely, the cost of providing Plaintiff the MRI and the likelihood that Plaintiff would be transferred to state custody. Accordingly, Plaintiff's deliberate indifference claim may proceed against Sheriff Lee in his individual capacity.

The same cannot be said for Plaintiff's deliberate indifference claim against Kay. Plaintiff's only allegation against Kay is that she "knew about [Plaintiff's] situation." Filing No. 1 at 5. However, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Kay's mere knowledge of Plaintiff's situation, without more, fails to state a claim that she was deliberately indifferent to Plaintiff's serious medical need. Unlike with Sheriff

8

Lee, Plaintiff does not allege facts that suggest Kay intentionally delayed or withheld the doctor-recommended MRI for non-medical reasons or even that she was personally involved in the decision to withhold the MRI at all. Plaintiff, thus, has failed to state a plausible claim for relief against Kay and she will be dismissed from this action without prejudice.

## B. Thayer County

Plaintiff also names Thayer County as a defendant to his deliberate indifference claim. A municipality (or other local government unit) like Thayer County can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [his] federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 388–92 (1989)).

To prevail on a claim alleged against Thayer County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B*

9

*v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of Thayer County, nor does the Complaint allege facts suggesting a failure to train or supervise on the part of Thayer County. Plaintiff only alleges that Sheriff Lee denied him a doctor-recommended MRI while he was confined in the Thayer County Jail, but "[g]enerally, an isolated incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Corwin*, 829 F.3d at 700 (quoting *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013)). Nor does Plaintiff allege facts suggesting Sheriff Lee was a policy maker for Thayer County, and the Court's own research does not indicate that Sheriff Lee was authorized to make final policy with regards to provision of services to county jail inmates. *See* Neb. Rev. Stat. § 23-2802 (permitting county board in counties of less than one hundred fifty thousand inhabitants to serve as the county board of corrections); Thayer County,

Nebraska, Government website, https://thayercountyne.gov/commissioners/ (last visited May 27, 2026) (stating Thayer County Commissioners "administer[] county governmental services such as the local jails").

"Although [Plaintiff] need not set forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). As Plaintiff has not done so, his claims against Thayer County will be dismissed.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion seeking the appointment of counsel "to represent and advise him of his legal rights." Filing No. 4. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

11

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time as, at this early stage of litigation, Plaintiff appears able to adequately present his claims. The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## V.  CONCLUSION

Plaintiff's Complaint fails to state a § 1983 claim against Thayer County and Kay in her individual capacity, and those claims will be dismissed without prejudice. For purposes of initial review, Plaintiff has alleged sufficient facts to state a Fourteenth Amendment deliberate indifference claim against Sheriff Lee in his individual capacity, and that claim may proceed to service of process. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims against Thayer County and Jail Director Kay (Last Name Unknown) are dismissed without prejudice. The Clerk of Court is directed to remove these defendants as parties to this action.

12

2.      For purposes of initial review only, Plaintiff has stated a plausible Fourteenth Amendment deliberate indifference claim against defendant Sheriff David Lee in his individual capacity.

3.      For service of process on defendant Sheriff David Lee in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for defendant using the address "Thayer County Sheriff's Department, 324 Olive Avenue, Hebron, Nebraska 68370" and forward them together with a copy of the Complaint, Filing No. 1, and a copy of this Memorandum and Order to the United States Marshals Service. The Marshals Service shall serve defendant Sheriff David Lee at Thayer County Sheriff's Department, 324 Olive Avenue, Hebron, Nebraska 68370, by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service.  *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

4.      For service by certified mail or designated delivery service, the Marshals Service shall send the summons to defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service.  *See* Neb. Rev. Stat. § 25-505.01(1).

5.      The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[3]

---

[3] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).  *See also Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

6.     Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7.     Plaintiff is hereby notified that failure to obtain service of process on the defendant within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8.     The Clerk of Court is directed to set a case management deadline in this case with the following text: **August 26, 2026**: service of process to be completed.

9.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

10.     Plaintiff's motion for status, Filing No. 8, is granted consistent with this Memorandum and Order.

11.     Plaintiff's motion for appointment of counsel, Filing No. 4, is denied without prejudice to reassertion.


Dated this 28th day of May, 2026.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

14